SOUTHERN DISTRICT OF MISSISSIPPI
FILED

FEB 17 2026

ARTHUR JOHNSTON
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

**ANDREW STANKEVICH**            **PLAINTIFF**

v.                               Case 3:25-cv-00150-KHJ-MTP

**DEBORA MUNCZEK**               **DEFENDANT**

## MOTION TO ALTER OR AMEND A JUDGMENT

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, the Plaintiff moves for this Court to alter or amend the January 20, 2026 [26] Order for the Court's January 20, 2026 [27] Final Judgment. The Plaintiff requests for this Court alter or amend this [26] Order to address and bring clarity regarding the Mississippi State Supreme Court's ruling in *McGowen v. Roman Catholic Diocese of Biloxi*, 319 So.3d 1086 (Miss. 2021).

### THE ORDER DOES NOT RECOGNIZE THE *MCGOWEN* RULING

This Court's Order [26] ignored the far more recent 2021 Mississippi State Supreme Court ruling in *McGowen* ruling, while emphasizing the Mississippi Court of Appeals 2006 ruling in *Doe v. Roman Catholic Diocese of Jackson*. See the last paragraph on page 12.

In section 2, pg. 4, the Plaintiff's Response in Opposition to Motion [21] emphasizes that

> [a] recent 2021 ruling in the State of Mississippi's highest court, *McGowan* allowed a sexual abuse survivor to file a claim over twenty years late on the grounds that the plaintiff had repressed his memories of the abuse and that this satisfied the discovery rule for latent injuries. See *McGowen v. Roman Catholic Diocese of Biloxi*, 319 So.3d 1086 (Miss. 2021); **Attach B**. The Mississippi State Supreme Court ruled in the plaintiff's favor even though many jurisdictions do not recognize memory repression, which is largely scientifically discredited. See **Attach. B, at ¶ 11**. As the instant Defendant notes, in the decades-old 2006 *Doe* ruling, the Mississippi Court of Appeals, a court lower than the Mississippi State Supreme Court, did not allow a survivor of ongoing sexual abuse to file a late claim. *Doe v. Roman Catholic Diocese of Jackson*, 947 So.2d 983 (Miss. Ct. App. 2006).

Instead of following *Doe*, this Court's Order [26] and Judgment [27] should have followed *McGowen*, which strongly supports the Plaintiff's request for tolling. At the very least, this

Court should have recognized *McGowen* and addressed why the Court chose to follow *Doe*'s Defendant-friendly ruling, rather than *McGowen*'s Plaintiff-friendly ruling.

## CONCLUSION

The Plaintiff requests for this Court alter or amend the [26] Order for the [27] Final Judgment to address the Mississippi State Supreme Court's ruling in *McGowen*, along with the accompanying arguments that Plaintiff filed with this Court arising from *McGowen*.

Dated: February 13, 2026

Respectfully submitted,

Andrew Stankevich, *Pro Se*
787 Whispering Hills Road, Unit 306
Boone, North Carolina 28607
andrewstankevich13@gmail.com

## CERTIFICATE OF SERVICE

I, Andrew Stankevich, do hereby certify that I have, this day, mailed a true copy of the foregoing via First Class U.S. Postal Service mail to Atty. J. Wade Sweat at this address:

Adams and Reese LLP

1018 Highland Colony Parkway, Suite 800

Ridgeland, Mississippi 39157

Dated: February 13, 2026

Andrew Stankevich